# EXHIBIT 1

## WAIVER OF SERVICE

TO: Joshua W. Carden, Plaintiff's Attorney

I acknowledge receipt of your request that I waive service of a summons in the action of *Lee v. Albertson's LLC*, which is case number CV2019-053199 in the Superior Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I understand that the entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within sixty (60) days after **May 21, 2019.**

Dated this _____ day of _____, _____.

_____
Signature

_____
Printed name, and title

For CT CORPORATION SYSTEM as Statutory Agent of Albertson's LLC

### DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

# JOSHUA CARDEN LAW FIRM
#### A PROFESSIONAL CORPORATION

**TO: CT CORPORATION SYSTEM as Statutory Agent of Albertson's LLC**

PLEASE TAKE NOTICE: A lawsuit has been commenced against the entity on whose behalf you are addressed. A copy of the complaint is attached to this Notice. The complaint has been filed in the Superior Court for the State of Arizona in and for the County of Maricopa and has been assigned case number CV2019-053199.

This is not a formal summons or notification from the Court, but rather my request that you sign and return the enclosed Waiver of Service in order to save the cost of serving you with a judicial summons and an additional copy of the complaint. The cost of service will be avoided if I receive a signed copy of the waiver within 30 days after the date designated below as the date on which this Notice of Lawsuit and Request for Waiver of Service of Summons is sent. I enclose a stamped and addressed envelope for your use. An extra copy of the Waiver of Service is also attached for your records.

If you comply with this request and return the signed Waiver of Service, the waiver will be filed with the Court and no summons will be served on you. The action will then proceed as if you had been served on the date the waiver is filed, and you will be required to answer or otherwise respond to the complaint within sixty (60) days from the date designated below as the date on which this notice is sent (or within ninety (90) days from that date if your address is not in any judicial district of the United States).

If you do not return the signed waiver within the time indicated, I will take appropriate steps to effect formal service in a manner authorized by the Arizona Rules of Civil Procedure and then, to the extent authorized by those Rules, I will ask the Court to require the party on whose behalf you are addressed to pay the full costs of such service. In that connection, please read the statement concerning the duty of parties to avoid unnecessary costs of service of summons, which is set forth at the foot of the enclosed "Waiver of Service of Summons" form.

I affirm that this Notice of Lawsuit and Request for Waiver of Service of Summons is being sent to you on behalf of the Plaintiff on the date indicated below.

NOTICE AND REQUEST SENT this 21st day of May, 2019,

*/s/ Joshua W. Carden*
Joshua W. Carden
Plaintiff's Attorney

P. 480-454-1100 • F. 480-454-1101 • JOSHUA@CARDENLAWFIRM.COM
16427 N. SCOTTSDALE ROAD, SUITE 410, SCOTTSDALE, AZ 85254

# WAIVER OF SERVICE

TO: Joshua W. Carden, Plaintiff's Attorney

I acknowledge receipt of your request that I waive service of a summons in the action of *Lee v. Albertson's LLC*, which is case number CV2019-053199 in the Superior Court of the State of Arizona in and for the County of Maricopa. I also have received a copy of the complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served with judicial process in the manner provided by the Arizona Rules of Civil Procedure.

I understand that the entity on whose behalf I am acting will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against the party on whose behalf I am acting if an answer or motion under Rule 12 is not served upon you within sixty (60) days after **May 21, 2019.**

Dated this _____ day of _____, _____.

_____
Signature

_____
Printed name, and title

For CT CORPORATION SYSTEM as Statutory Agent of Albertson's LLC

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4.1 and Rule 4.2 of the Arizona Rules of Civil Procedure require certain parties to cooperate in saving unnecessary costs of service of the summons and a pleading. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must, within the time specified on the waiver form, serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and also must file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

| | |
|---|---|
| 1 | Joshua W. Carden, SBN 021698 |
| 2 | JOSHUA CARDEN LAW FIRM, P.C. |
|   | 16427 North Scottsdale Road, Suite 410 |
| 3 | Scottsdale, AZ 85254 |
|   | joshua@cardenlawfirm.com |
| 4 | (480) 454-1100 |
| 5 | (480) 454-1101 (fax) |
|   | *Attorney for Plaintiff* |



MAY 0 1 2019

CLERK OF THE SUPERIOR COURT
H. GEARHART
DEPUTY CLERK

## STATE OF ARIZONA

## MARICOPA COUNTY SUPERIOR COURT

| THOMAS G. LEE, | CV2019-053199 |
|---|---|
| Plaintiff, | |
| v. | **ORIGINAL COMPLAINT** |
| ALBERTSON'S LLC, a foreign limited liability company. | |
| Defendant. | |

Plaintiff Thomas G. Lee, by and through undersigned counsel, for his Complaint against Defendant Albertson's, LLC alleges as follows:

### NATURE OF THE CASE

1. Plaintiff Thomas G. Lee brings this action against Defendant for its wrongful termination of Plaintiff in violation of the public policy of the State of Arizona as expressed in the Arizona Medical Marijuana Act (AMMA), A.R.S. § 36-2813(B), and in violation of the AMMA.

### THE PARTIES

2. Plaintiff Thomas G. Lee is a resident of Maricopa County, Arizona, and, at all relevant times in this Complaint, an "employee" of Defendant for purposes of the Arizona Medical Marijuana Act and the Arizona Employer Protection Act.

3. Defendant Albertson's, LLC (hereinafter "Albertson's") is a foreign limited liability company doing business in Arizona and an "employer" of Plaintiff at all relevant times herein.

4. At all times pertinent to this Complaint, Albertson's management officials were acting



1

within the course and scope of their employment with Albertson's; and as a result thereof, Defendant Albertson's is responsible and liability is imputed for the acts and omissions of its management officials, as alleged herein, under the principle of *respondeat superior*, agency, and/or other applicable law.

### JURISDICTION, VENUE, AND DISCOVERY TIER

5. This Court has jurisdiction to hear and determine this action and to grant the relief requested pursuant to article 6 § 14(1) of the Arizona Constitution. Venue is proper in this Court as all acts alleged herein occurred in Maricopa County, Arizona. Plaintiff contends this is a Tier 3 discovery case.

### FACTUAL ALLEGATIONS

6. Albertson's owns and operates retail grocery stores and related distribution centers in Arizona, employing thousands of people.

7. Mr. Lee was an employee of Safeway since October 1996.

8. He worked as a Receiver and Coder in a Safeway distribution center in Tempe, AZ.

9. In 2018, Albertson's purchased or otherwise took over the Safeway operations.

10. As a result of that event, Albertson's transferred Mr. Lee and most of his co-workers at the distribution center to an Albertson's distribution center in Tolleson, AZ.

11. Mr. Lee began orientation on or about April 30, 2018.

12. On May 1, 2018, he received approximately one hour of training for his new position: forklift driver.

13. According to Albertson's management, he was supposed to get about a week of training and supervision for that position, with emphasis on speed and time to complete each task – moving pallets from the loading dock to the pallet racks in the distribution center.

14. Mr. Lee had previously operated forklifts for Safeway on rare occasions, the most recent being about six months prior.

15. After six hours of driving the forklift at Albertson's, one of the pallets (loaded with Ramen noodles) that Mr. Lee had loaded on an upper rack came down through the rack's cross bars causing some damage to the rack, the pallet of noodles, and the adjacent pallet with a similar soup product.

16. Pursuant to Albertson's policy, Mr. Lee was drug tested on site.

17. Upon learning that he was to be drug tested, Mr. Lee notified his supervisor Danny Carrion that a) he was a valid medical marijuana cardholder under Arizona law and b) that Albertson's policy forbids discrimination against medical marijuana cardholders.

18. Mr. Lee has been a valid medical marijuana cardholder in Arizona since 2013.

19. Mr. Lee provided his supervisor with a copy of his medical marijuana card and a copy of Albertson's medical marijuana policy.

20. Mr. Lee is aware of the requirements of the AMMA and does not bring his marijuana to work, consume it during business hours, or show up for work impaired.

21. With medical approval, he takes medical marijuana in order to dull chronic pain from prior work-related physical strains and injuries.

22. Mr. Lee was not impaired at the time he had the forklift incident.

23. The onsite drug screen revealed that Mr. Lee had THC metabolites in his urine.

24. THC metabolites found in urine are not scientifically related to impairment.

25. Albertson's did no follow-up testing.

26. Upon his positive test, Mr. Carrion sent Mr. Lee home.

27. The next day (May 2, 2018), Roxanne Gallo informed Mr. Lee that he was terminated for testing positive for marijuana.

28. Mr. Lee protested, again citing his medical marijuana card and Albertson's policy, but to no avail.

29. Nobody indicated in the process of his termination that they believed he was impaired on the job.

30. Despite multiple requests in writing, Mr. Lee was never provided with the test results.

31. As a result of the termination, Mr. Lee has lost all anticipated wages and his benefits.

32. All conditions precedent necessary to the filing of this lawsuit have been performed or have occurred.

## COUNT ONE - WRONGFUL TERMINATION

33. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

34. Under the Arizona Medical Marijuana Act, the public policy of the State of Arizona makes



it unlawful for Defendant to: "discriminate against a person in hiring, termination or imposing any term or condition of employment or otherwise penalize a person based upon either: 1. The person's status as a cardholder. 2. A registered qualifying patient's positive drug test for marijuana components or metabolites, unless the patient used, possessed or was impaired by marijuana on the premises of the place of employment or during the hours of employment." A.R.S. § 36-2813(B).

35. On May 2, 2018, Defendant terminated and/or discriminated against Plaintiff in violation of this statute, and thus violated A.R.S. § 23-1501 and the public policy of the state of Arizona.

36. To the extent that Defendant attempts to rely upon the "safety sensitive" construct as a defense (A.R.S. §§ 23-493 & -493.06), those provision are unconstitutional as a violation of the Arizona Constitution as amended by the Voter Protection Act (Proposition 105).

37. Defendant's conduct is the direct and proximate cause of Plaintiff's damages.

38. Defendant's conduct harmed Plaintiff and was malicious, oppressive or in reckless disregard of his rights.

39. Defendant is therefore liable to Plaintiff for punitive damages.

### COUNT TWO – DISCRIMINATION UNDER AMMA

40. By reference hereto, Plaintiff hereby incorporates the preceding paragraphs.

41. Under the Arizona Medical Marijuana Act, the public policy of the State of Arizona makes it unlawful for Defendant to: "discriminate against a person in hiring, termination or imposing any term or condition of employment or otherwise penalize a person based upon either: 1. The person's status as a cardholder. 2. A registered qualifying patient's positive drug test for marijuana components or metabolites, unless the patient used, possessed or was impaired by marijuana on the premises of the place of employment or during the hours of employment." A.R.S. § 36-2813(B).

42. On May 2, 2018, Defendant discriminated against Plaintiff in violation of this statute.

43. To the extent that Defendant attempts to rely upon the "safety sensitive" construct as a defense (A.R.S. §§ 23-493 & -493.06), those provision are unconstitutional as a violation of the Arizona Constitution as amended by the Voter Protection Act (Proposition 105).

44. The AMMA contains an implied remedy for monetary damages for violation of its provisions.

45. Defendant's conduct is the direct and proximate cause of Plaintiff's damages.

46. Defendant's conduct harmed Plaintiff and was malicious, oppressive or in reckless disregard of his rights.

47. Defendant is therefore liable to Plaintiff for punitive damages

## DEMAND FOR JURY TRIAL

48. Plaintiff hereby demands trial of his claims by jury to the extent authorized by law.

## RELIEF REQUESTED

Plaintiff prays for:

A. Judgment that the Defendant willfully violated A.R.S. § 23-1501 and/or the public policy of Arizona by terminating Plaintiff for either his status as a cardholder or the positive drug test without a showing of impairment or other violation against the public policy of this state expressed in A.R.S. § 36- 2813(B);

B. Declaration that A.R.S. §§ 23-493 & -493.06 are unconstitutional under article IV, part 1, section 1, Constitution of Arizona;

C. All available categories of compensatory damages to be determined at trial;

D. Punitive damages to be determined at trial;

E. Costs and attorney's fees as provided by statute; and

F. Such other monetary, equitable, and declaratory relief as the Court deems just and proper.

Respectfully submitted on this 1st day of May, 2019,

JOSHUA CARDEN LAW FIRM, P.C.

By: /s/ Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff*
*Thomas G. Lee*







1 Joshua W. Carden, SBN 021698
2 JOSHUA CARDEN LAW FIRM, P.C.
  16427 North Scottsdale Road, Suite 410
3 Scottsdale, AZ 85254
  joshua@cardenlawfirm.com
4 (480) 454-1100
5 (480) 454-1101 (fax)
  *Attorney for Plaintiff*

## STATE OF ARIZONA

## MARICOPA COUNTY SUPERIOR COURT

| | |
|---|---|
| THOMAS G. LEE,<br><br>   Plaintiff,<br><br>v.<br><br>ALBERTSON'S LLC, a foreign Arizona nonprofit corporation<br><br>   Defendant. | CV2019-053199<br><br>**CERTIFICATE OF COMPULSORY ARBITRATION** |

The undersigned certifies that he knows the dollar limits and any other limitations set forth by the local rules of practice for the applicable superior court, and further certifies that this case IS NOT subject to compulsory arbitration, as provided by Rules 72 through 76 of the Arizona Rules of Civil Procedure.

Respectfully submitted on this 1st day of May, 2019,

JOSHUA CARDEN LAW FIRM, P.C.

By: /s/ Joshua W. Carden
Joshua W. Carden
*Attorneys for Plaintiff
Thomas G. Lee*



1

# EXHIBIT 2

| | |
|---|---|
| 1 | Mark Ogden; AZ Bar No. 017018 |
| | Frederick C. Miner; AZ Bar No. 18854 |
| 2 | Kyle A. Mabe; AZ Bar No. 034402 |
| | mogden@littler.com |
| 3 | fminer@littler.com |
| | kmabe@littler.com |
| 4 | LITTLER MENDELSON, P.C. |
| | Camelback Esplanade |
| 5 | 2425 East Camelback Road |
| | Suite 900 |
| 6 | Phoenix, AZ  85016 |
| | Telephone:    602.474.3600 |
| 7 | Facsimile:     602.957.1801 |

Attorneys for Defendant
ALBERTSON'S LLC

IN THE SUPERIOR COURT OF THE STATE OF ARIZONA

IN AND FOR THE COUNTY OF MARICOPA

| | |
|---|---|
| Thomas G. Lee, | Case No. CV2019-053199 |
| Plaintiff, | **NOTICE TO ADVERSE PARTY OF REMOVAL TO FEDERAL COURT** |
| v. | |
| Albertson's LLC, | (Assigned to Hon. Bruce Cohen) |
| Defendant. | |

TO PLAINTIFF AND ITS ATTORNEY OF RECORD:

PLEASE TAKE NOTICE that on June 18, 2019, Defendant Albertson's LLC filed a Notice of Removal of Action under 28 U.S.C. § 1441(b) (diversity) in the United States District Court for the District of Arizona, Phoenix Division.  A copy of the Notice of Removal to Federal Court is attached hereto and incorporated herein as **Exhibit A.**

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

DATED this 18th day of June, 2019

*s/ Frederick C. Miner*
Mark Ogden
Frederick C. Miner
Kyle A. Mabe
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Albertson's LLC

ORIGINAL e-filed and COPY served via AZ Turbocourt this 18th day of June, 2019, to:

The Honorable Bruce Cohen
Maricopa County Superior Court Judge

COPY mailed and/or emailed this 18th day of June, 2019, to:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 N. Scottsdale Rd., Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com

*s/ Linda Bullis*
FIRMWIDE:165015157.1 084948.1013

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

-2-

# EXHIBIT 3

Mark Ogden; AZ Bar No. 017018
Frederick C. Miner; AZ Bar No. 18854
Kyle A. Mabe; AZ Bar No. 034402
mogden@littler.com
fminer@littler.com
kmabe@littler.com
LITTLER MENDELSON, P.C.
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
Telephone:   602.474.3600
Facsimile:    602.957.1801

Attorneys for Defendant
Albertson's LLC

SUPERIOR COURT OF THE STATE OF ARIZONA

COUNTY OF MARICOPA

| | |
|---|---|
| Thomas G. Lee,<br><br>             Plaintiff,<br><br>v.<br><br>Albertson's LLC,<br><br>             Defendant. | Case No. CV2019-053199<br><br>**NOTICE TO STATE COURT OF FILING OF NOTICE OF REMOVAL OF CIVIL ACTION TO FEDERAL COURT**<br><br>(Assigned Hon. Bruce Cohen) |

TO THE CLERK OF THE MARICOPA COUNTY SUPERIOR COURT, STATE OF ARIZONA:

PLEASE TAKE NOTICE that Defendant Albertson's LLC filed a Notice of Removal of the above-titled action in the Office of the Clerk of the United States District Court in and for the District of Arizona.  A true and correct copy of said Notice of Removal to Federal Court is attached hereto and incorporated herein as **Exhibit A**.

PLEASE TAKE FURTHER NOTICE that the filing of said Notice of Removal to the Federal Court, together with the filing of a copy of this Notice to State Court with the Clerk of this Court, effectuates the removal of this action in accordance with 28 U.S.C. §§ 1332, 1441(a) and 1446.

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ  85016
602.474.3600

DATED this 18th day of June, 2019

        *s/ Frederick C. Miner*
Mark Ogden
Frederick C. Miner
Kyle A. Mabe
LITTLER MENDELSON, P.C.
Attorneys for Defendant
Albertson's LLC

ORIGINAL e-filed and COPY served via AZ Turbocourt this 18th day of June, 2019, to:

The Honorable Bruce Cohen
Maricopa County Superior Court Judge

COPY mailed and/or emailed this 18th day of June, 2019, to:

Joshua W. Carden
Joshua Carden Law Firm, P.C.
16427 N. Scottsdale Rd., Suite 410
Scottsdale, AZ 85254
joshua@cardenlawfirm.com

*s/ Linda Bullis*

FIRMWIDE:165015610.1 084948.1013

LITTLER MENDELSON, P.C.
A Professional Corporation
Camelback Esplanade
2425 East Camelback Road
Suite 900
Phoenix, AZ 85016
602.474.3600

-2-