**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Thomas G. Lee, | No. CV-19-04493-PHX-DWL |
| Plaintiff, | **ORDER** |
| v. | |
| Albertson's LLC, | |
| Defendant. | |

The Court has an independent obligation to determine on its own initiative whether it has subject-matter jurisdiction. *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999). Pursuant to Rule 12(h)(3) of the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."

Defendant Albertson's LLC ("Albertson's") removed this action on June 18, 2019 solely on the basis of diversity jurisdiction. (Doc. 1.) Diversity jurisdiction exists when there is complete diversity of citizenship between the plaintiff and the defendants and the amount in controversy exceeds $75,000, exclusive of interests and costs. 28 U.S.C. § 1332. A controversy meets this requirement when "all the persons on one side of it are citizens of different states from all the persons on the other side." *Strawbridge v. Curtiss*, 7 U.S. 267 (1806). Having reviewed the Notice of Removal to determine if subject matter jurisdiction exists, the Court finds that Albertson's Notice of Removal is facially deficient …

because it fails to affirmatively set forth the facts necessary to determine Albertson's citizenship.

The party seeking to invoke diversity jurisdiction has the burden of proof, *Lew v. Moss*, 797 F.2d 747, 749-50 (9th Cir. 1986), by a preponderance of the evidence. *McNatt v. Allied-Signal, Inc.*, 972 F.2d 1340 (9th Cir. 1992); *see* 13B Federal Practice § 3611 at 521 & n. 34. There is a strong presumption against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance."). "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

"[A]n LLC is a citizen of every state of which its owners/members are citizens." *Johnson v. Columbia Properties Anchorage, LP*, 437 F.3d 894, 899 (9th Cir. 2006). Thus, to properly establish diversity jurisdiction "with respect to a limited liability company, the citizenship of all of the members must be pled." *NewGen, LLC v. Safe Cig, LLC*, 840 F.3d 606, 611 (9th Cir. 2016)

Here, Albertson's clearly has the ability to allege affirmatively its own actual citizenship. It is not enough for Albertson's to merely allege that it is not an Arizona citizen or to note that Plaintiff's complaint referred to Defendant as a "foreign limited liability company" (Doc. 1 ¶ 3). *Kanter*, 265 F.3d at 857 (district court properly held it was insufficient for notice of removal to merely allege corporate defendants were not citizens of California). For Albertson's to meet its burden, Albertson's must affirmatively allege the citizenship of every member of the LLC.

To cure this pleading deficiency, the Court will require the removing Defendant to file an amended notice of removal that affirmatively states Plaintiffs' citizenship under the correct legal standard. *Star Ins. Co. v. West*, 2010 WL 3715155, *2 (D. Ariz. 2010); *see also NewGen*, 840 F.3d at 612 ("Courts may permit parties to amend defective allegations of jurisdiction at any stage in the proceedings."). Defendant is advised that its failure to

timely comply with this order shall result in the remand of this action without further notice for lack of subject matter jurisdiction.

Accordingly,

**IT IS ORDERED** that removing Defendant shall file an amended notice of removal properly stating a jurisdictional basis for this action no later than **June 27, 2019.**

**IT IS FURTHER ORDERED** that if Defendant fails to file an amended notice of removal by June 27, 2019, the Clerk of Court shall remand this action to state court on **June 28, 2019**.

Dated this 19th day of June, 2019.

Dominic W. Lanza
United States District Judge